IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

RAYMOND K. HEDGESPETH, JR.,

                    Plaintiff,

      v.

DOUG BELLILE AND LISA POULIE,

                    Defendant.

OPINION AND ORDER

20-cv-361-bbc

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Pro se plaintiff Raymond K. Hedgespeth, Jr. is a patient civilly committed at the Sand Ridge Secure Treatment Center under Chapter 980 of the Wisconsin Statutes.  He has filed a civil action under 42 U.S.C. § 1983, challenging a notice that he received from Sand Ridge officials instructing him to leave his outgoing mail open for inspection.  He contends that the requirement to leave his outgoing mail unsealed violates his rights under the First Amendment, Fourteenth Amendment and Wis. Stat. § 51.61(1)(cm).  Because plaintiff is proceeding without prepayment of the full filing fee, I must screen his complaint under 28 U.S.C. § 1915(e) to determine whether the action is frivolous, malicious, fails to state a claim on which relief may be granted or seeks monetary relief from a defendant who is immune from such relief.

      Plaintiff's complaint is nearly identical to the complaint he filed in a previous case, Hedgespeth v. Belial, 19-cv-888-bbc, which I dismissed on December 19, 2019, because plaintiff's complaint did not state a federal claim upon which relief could be granted.  I stated that neither the First or the Fourteenth Amendments gave plaintiff an unrestricted

right to send uninspected mail.  Dkt. #6, in 19-cv-888-bbc.  Plaintiff filed a motion for reconsideration and a proposed amended complaint in that case, stating that his constitutional rights were being violated because the notice he received directing him to leave his mail unsealed did not provide an express exception for legal mail.  I denied plaintiff's motion, stating that plaintiff's allegations were too vague to support a claim and, in any event, the monitoring and inspection of property and mail of civil detainees was justifiable on security grounds.  Dkt. #12.

Plaintiff's complaint in this case repeats the same allegations and legal theories that he raised in his previous case, except for his allegations that institution staff refused to send two letters to his lawyer and two letters to a county court because plaintiff had sealed them. Plaintiff does not describe the subject of the letters.

Plaintiff's additional allegations are not sufficient to revive his dismissed claims.  For the reasons I explained in plaintiff's previous case, he has not stated a claim for violation of his First or Fourteenth Amendment rights.  Although plaintiff has a First Amendment right to send and receive mail, Rowe v. Shake, 196 F.3d 778, 782 (7th Cir.1999), that right does not preclude institution officials from examining mail to insure that it does not contain contraband or other improper materials.  Walker v. Hayden, 302 F. App'x 466, 467 (7th Cir. 2008) (holding that conditions restricting patients' ability to leave the facility, receive visitors,  have or received unmonitored telephone calls or send or receive property and mail, and requiring institutional clothing, as well as restraints during transport were justified by security and safety concerns) (citing Thielman v. Leean, 282 F.3d 478, 483 (7th Cir. 2002)).

2

Plaintiff's legal mail is entitled to greater protections because of the potential for interference with his right of access to the courts. <u>Rowe</u>, 196 F.3d at 782. Thus, when an institution receives a letter for an inmate or detainee that is marked with an attorney's name and a warning that the letter is legal mail, officials potentially violate the inmate's or detainee's rights if they open the letter outside   the inmate's or detainee's presence. <u>Kaufman v. McCaughtry</u>, 419 F.3d 678, 685–86 (7th Cir. 2005).

However, to maintain a claim for denial of access to the courts based on the improperly opening of, or interference with, privileged legal mail, a plaintiff must allege some hindrance to his ability to prosecute a meritorious legal claim.   <u>Guajardo-Palma v. Martinson,</u> 622 F.3d 801, 806 (7th Cir. 2010). <u>See also</u> <u>Kaufman</u>, 419 F.3d at 686 (prisoner "offered no evidence that his ability to litigate any matter" was affected by opening of mail from attorneys).  In this instance, plaintiff has not alleged that the inspection of his outgoing mail, legal or otherwise, interfered with his ability to prosecute a meritorious legal claim.

 Plaintiff does not explain the nature of his letters to his attorney or the county court. He does not even suggest that he would have been prohibited from sending the letters. Instead, plaintiff's allegations suggest that the letters would have been sent had plaintiff kept them unsealed.  Therefore, plaintiff has failed to allege that defendants interfered with his right of access to the courts.  Accordingly, plaintiff has failed to state a federal claim for relief.

Because this is plaintiff's third attempt at drafting a complaint that states a claim based on the same allegations, I will dismiss this case with prejudice.

ORDER

IT IS ORDERED that plaintiff Raymond K. Hedgespeth, Jr.'s complaint is DISMISSED WITH PREJUDICE for failure to state a federal claim upon which relief may be granted. The clerk of court is directed to enter judgment accordingly and close this case.


Entered this 19th day of June, 2020.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge

4